**David Homer TIDMORE, Appellant,**

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

No. 7362.

United States Court of Appeals
Tenth Circuit.

Sept. 23, 1963.

---

3. 13 Am.Jur. Corporations, Sec. 952

Dale R. Harris, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on the brief), for appellee.

Before PHILLIPS, HILL and SETH, Circuit Judges.

PHILLIPS, Circuit Judge.

An information containing three counts was filed against Tidmore in the United States District Court for the District of Kansas. The first count charged that Tidmore on May 31, 1956, in the District of Kansas, did steal, abstract and carry away a letter from an authorized depository for mail, which letter contained a United States Treasury check in the amount of $117.10, payable to Alice Wofford. The second count charged that on the same date, and in the District of Kansas, Tidmore forged the endorsement of the payee, Alice Wofford, on said check for the purpose of obtaining from the United States $117.10, and the third count charged that Tidmore on the same date, and in the District of Kansas, with intent to defraud the United States, uttered and published as true such check, with the forged endorsement thereon. The case was transferred to the United States District Court for the Western District of Louisiana.[1] Thereafter, in the latter court, Tidmore entered a plea of guilty to each of the several counts of the information and on October 24, 1956, was sentenced to the custody of the Attorney General for three years on Count I, and the imposition of sentence on Counts II and III was suspended and he was placed on probation for such counts for a period of five years, to begin at the expiration of the sentence on Count I.

On January 30, 1959, Tidmore was conditionally released from confinement on the sentence imposed on Count I. On May 8, 1959, a conditional release violator's warrant was issued by the United States Board of Parole on the ground that Tidmore had failed to report to his probation officer. Tidmore was convicted in Arizona of a state penal offense and on August 5, 1959, was sentenced to the Arizona State Penitentiary for a period of 18 months. In June, 1960, the conditional release violator's warrant was executed and Tidmore was returned to the United States Penitentiary to serve the balance of the three-year sentence.

On December 19, 1960, Tidmore again was released from the United States Penitentiary, having served the remainder of his three-year federal sentence. Tidmore again went to the State of Arizona and supervision of the five-year probation on Counts II and III was transferred to that

1. No question is raised as to the validity of the transfer of the case to the Western District of Louisiana or as to the waiver of the right to be charged by indictment and consent to be charged by information.

state. Thereafter, on March 3, 1961, Tidmore was again convicted for a state penal offense and sentenced to the Arizona State Penitentiary for a term of two years. A probation violator's warrant was issued and after Tidmore was released from the Arizona State Penitentiary and in March, 1962, he was returned to the United States District Court for the Western District of Louisiana to show cause why his probation on Counts II and III should not be revoked. On April 7, 1962, such probation was revoked, and he was sentenced to the custody of the Attorney General on each of Counts II and III for a period of five years, the sentences to run concurrently.

On March 6, 1963, Tidmore filed an application for a writ of habeas corpus in the United States District Court for the District of Kansas and a motion that he be permitted to prosecute such habeas corpus proceeding in forma pauperis. The trial court denied Tidmore's motion for leave to prosecute the application for habeas corpus in forma pauperis. Tidmore appealed from that order and filed a motion in this court for leave to prosecute his appeal in forma pauperis, which motion was granted.

In his application for the writ, Tidmore set up only two grounds: (1) that the information charged but a single offense and that the sentences imposed on Counts II and III were void; and (2) that the United States "by virtue of allowing the petitioner to be twice tried by the State of Arizona and allowing said State to confine petitioner, while petitioner supposedly was under United States jurisdiction" lost jurisdiction over Tidmore and for that reason the sentences imposed on Counts II and III were void.

In Ragan v. Cox, 10 Cir., 305 F.2d 58, this court held that the test of the right to prosecute an action in forma pauperis is not whether the action has merit, but whether applicant for leave so to do can make a rational argument on the law or facts in support of his claim for relief.

Here, the contention that the information charged but a single offense and that the United States lost jurisdiction over Tidmore by reason of the fact that the State of Arizona twice took jurisdiction over Tidmore and tried, convicted and sentenced him for a state offense is palpably wholly lacking in substance and affords no basis upon which a rational argument could be predicated on the law or the facts in support of his claim for relief.

Accordingly, the order denying Tidmore leave to prosecute his action in the trial court in forma pauperis is affirmed.