**James R. DURHAM, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9919.**

United States Court of Appeals
Tenth Circuit.

Sept. 11, 1968.

Rehearing Denied Nov. 4, 1968.

Dennis L. Blewitt, Boulder, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on brief), for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

On November 15, 1966, the appellant, James R. Durham, Jr., was convicted of a violation of 18 U.S.C. § 1201. This appeal arises out of a collateral attack on that conviction under 28 U.S.C. § 2255.

On October 12, 1967, the district court filed an order refusing to hold a hearing at which evidence could be introduced in support of appellant's § 2255 motion. On October 31, 1967, the appellant filed a motion to proceed in forma pauperis. That motion was denied on November 20, 1967. On February 26, 1968, a motion was filed in this court for leave to take a delayed appeal from the original conviction. On the same date this court granted leave to appeal in forma pauperis from the district court's order of Oc-

tober 12, 1967. We also assigned counsel to prosecute the appeal.

On April 9, 1968, we ordered an original and one copy of the transcript of the case at the expense of the United States. A similar request had been turned down by order of the trial court on October 16, 1967.

None of the orders contain a certificate that the appeal is taken in good faith as required in 28 U.S.C. § 1915, however, a supplemental order of the trial court dated November 20, 1967, denies further consideration of a forma pauperis motion to appeal the proceedings under 28 U.S.C. § 2255. The basis for the denial is that the appeal was frivolous in nature, without merit, and not taken in good faith. Despite the many procedural errors, the matter is before us for review.

Durham was convicted by a jury of kidnapping a ten year old child, and knowingly transporting her in interstate commerce for the purpose of taking indecent liberties with her person. The conviction was not appealed, although the trial court advised Durham of his right to a forma pauperis appeal under Fed.R.Crim.P. 32(a) (2).

We examine the February 26, 1968, motion to grant a delayed appeal from the conviction. Fed.R.Crim.P. 37(a) (2), amended in 1966, abrogated December 4, 1967, effective July 1, 1968, provides: "Upon a showing of excusable neglect, the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed to any party for a period not to exceed 30 days from the expiration of the original time prescribed by this paragraph." Fed.R.App.P. 4(b), effective July 1, 1968, has a similar provision regarding extension of time.

 Because a notice of appeal is a necessary jurisdictional prerequisite to an appeal, some notice must be filed which is regarded as sufficient by the appellate court. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L. Ed.2d 259 (1960); Buckley v. United States, 382 F.2d 611, 614 (10th Cir. 1967). We must dismiss the motion to grant a delayed appeal because nothing constituting a notice of appeal was filed within the prescribed time.

We now turn to the October 31, 1967, motion for forma pauperis review of the court's order denying relief under 28 U. S.C. § 2255. This motion is within the sixty day limitation in accordance with Fed.R.Civ.P. 73(a), abrogated December 4, 1967, effective July 1, 1968, and Fed. R.App.P. 4(a).

We must concern ourselves with the standards of 28 U.S.C. § 1915(a) governing proceedings in forma pauperis:

"A reading of the statute · reveals immediately that it projects two standards. The first is in § 1915(a), which provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken 'in good faith.' The second is in § 1915(d), which provides that the court may dismiss the case if it 'is satisfied that the action is frivolous or malicious.'" Address by Harry A. Blackmun, Eighth Circuit Judicial Conference, 43 F.R.D. 343, 346 (September 18, 1967).

We concur with these standards insofar as they are consonant with the holding in Tidmore v. Taylor, 323 F.2d 88 (10th Cir.1963)[1] and Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).

 After reviewing the record, the trial court found the forma pauperis motion to be frivolous in nature, without merit, and not in good faith. "In Ragan v. Cox * * * this court held that the test of the right to prosecute an action in forma pauperis is not whether the action has merit, but whether applicant for leave so to do can make a rational argument on the law or facts in support of his claim for relief." Tidmore v. Taylor, 323 F.2d 88 (10th Cir.1963).

1. Accord, Tidmore v. United States, 344 F.2d 966 (5th Cir. 1965).

Here the trial court in its order of October 12, 1967, clearly spelled out the reasons for denying the motion citing the pertinent cases to sustain its position. Appellant and his appointed counsel agreed with the reasons in the court's order because they filed a motion for leave to perfect a delayed appeal from the conviction which we were forced to deny in the initial portion of this opinion. In addition a thorough review of the record, motions, and orders reveals that the motion pursuant to 28 U.S.C. § 2255 affords no basis in law or fact upon which the appellant could fashion a rational argument.

Affirmed.