Don Victor HARBOLT, Jr., Petitioner-Appellant,

v.

Noah L. ALLDREDGE, Warden, U. S. Reformatory, El Reno, Oklahoma, et al., Respondents-Appellees.

No. 71–1041.

United States Court of Appeals, Tenth Circuit.

Aug. 2, 1972.

James S. Kimmel, Littleton, Colo., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., was on the brief), for appellees.

Before PHILLIPS, HOLLOWAY and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appellant Harbolt tendered to the District Court a civil rights complaint for compensatory and punitive damages, and a request for appointment of counsel. He accompanied his papers with a sufficient application to proceed in forma pauperis under 28 U.S.C.A. § 1915(a). On examination of the papers the District Court entered an order concluding that the complaint was clearly without merit; that the respondents were immune from damages under the allegations made; and that, in the court's discretion, the application to proceed in forma pauperis was denied. This court granted leave to appeal in forma pauperis and appointed counsel who has briefed and argued the appeal for appellant Harbolt. Harbolt is in custody at the Federal Correctional Institution at Texarkana, Texas.

Harbolt's complaint alleged that he seeks a declaratory judgment and compensatory and punitive damages incurred when his legal documents, F.B.I. interrogation reports, were taken from him without his knowledge or permission, causing him to lose their effective use to show a conflict of interest between co-defendants who were appointed

the same counsel, and to show that appellant was coerced into a plea of guilty, "etc." He avers they would be used in a motion for relief under 28 U.S.C.A. § 2255. He claims that there was deprivation of materials necessary to afford reasonable access to the courts, violating the due process clause and entitling him to damages. Recovery is sought from the individual defendants and the government.

The complaint further alleged that the documents had been given to a court-appointed attorney representing Harbolt in Florida at one time by the United States Attorney; that copies of them were furnished to his parents; that they were forwarded to him by mail by his parents; and that he learned from defendant Blackburn, a caseworker at the El Reno Reformatory where Harbolt was in custody, that the documents had been given by Blackburn to defendant Duncan, an F.B.I. agent. Harbolt claims that by reason of not having the documents, he has been foreclosed from seeking effective post-conviction relief.

The complaint also refers to an unsuccessful previous habeas proceeding in which return of the documents was sought. The denial of relief in that action was affirmed by this court in No. 420–70, Harbolt v. Burkett, an unpublished per curiam filed December 30, 1970.

■■ Harbolt's claim is grounded on his assertion that he has wrongfully been denied copies of the F.B.I. interrogation reports referred to by his complaint. However, 5 U.S.C.A. § 552(b) (7) and 28 C.F.R. §§ 16.1(a) and 16.5 make clear that such documents of the Department of Justice are not subject to production or disclosure as demanded by

Harbolt.[1] As employees of the Department of Justice the defendants were bound to decline such disclosure. The statute and these valid regulations of the Department protect the confidentiality of investigatory files compiled for law enforcement purposes except to the extent available by law to a party.[2]

■ Deprivation by government agents of materials necessary to afford reasonable access to the courts is a denial of due process. Sigafus v. Brown, 416 F.2d 105, 107 (7th Cir.). However, Harbolt's allegations show awareness of the alleged conflict of interest and the allegedly coerced plea and he is not denied the right to assert his claims and to develop the circumstances surrounding them in proper post-conviction proceedings, if he makes sufficient allegations. In view of these circumstances and the clear provisions of the statute and the regulations on the confidentiality of the documents we are satisfied that Harbolt's allegations are insubstantial.

Harbolt's principal contention on appeal is that the District Court did not follow the required procedure for in forma pauperis proceedings outlined in Ragan v. Cox, 305 F.2d 58 (10th Cir.), cert. denied, 375 U.S. 981, 84 S.Ct. 495, 11 L.Ed.2d 426. This court there said that the proper procedure in treating forma pauperis applications is that leave should be granted to file if the requirements of 28 U.S.C.A. § 1915(a) are satisfied, and that thereafter if the court finds that the poverty allegations are untrue or that the action is frivolous or malicious, it may dismiss the case, clearly stating the grounds for such action. Id. at 60; see 28 U.S.C.A. § 1915(d). Harbolt contends that the proper procedure was not followed because the com-

---

1. A memorandum of the Attorney General dated January 13, 1953, provides that investigative reports and copies thereof are not to be made available without express prior approval of the Attorney General. Therefore, they are not subject to disclosure as documents customarily furnished to the public within the meaning of 28 C.F.R. § 16.1(a).

2. The regulations are valid and within the authority granted for their promulgation, 5 U.S.C.A. § 301, and they follow the exceptions from disclosure provided by 5 U.S.C.A. § 552(b) (7).

plaint was not filed and then subsequently dismissed on the required finding, and because the District Court's order said the complaint was "clearly without merit," instead of determining that it was frivolous or malicious.

As stated above, the *Ragan* case does prescribe a different procedure than was here followed. However, the order entered by the District Court shows that the court examined the complaint, which was preserved with the order, and concluded that it was "clearly without merit," holding that the defendants were immune from damages under the allegations made. We conclude that this is the result which in any event was dictated by the statute, the regulations and the averments made. As we determined in a similar situation in Oughton v. United States, 310 F.2d 803 (10th Cir.), cert. denied, 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693, there was substantial compliance with the required procedure and we will not disturb the order entered.[3] Appellant's claim has been measured by the substance of his complaint as if filed and then dismissed as frivolous. Id. at 804.

In view of the allegations demonstrating appellant's awareness of the nature of his claims, which he says the documents are needed to show, and the clear provisions of the statute and regulations on the confidentiality of the documents, we are satisfied that no rational argument on the law or the facts could be made in support of Harbolt's claims. Thus, in any event the case was one where the in forma pauperis proceedings could properly be dismissed. See Coppedge v. United States, 369 U.S. 438, 448, 82 S.Ct. 917, 8 L.Ed.2d 21; Oughton v. United States, supra, 310 F.2d at 804; Durham v. United States, 400 F.2d 879 (10th Cir.), cert. denied, 394 U.S. 932, 89 S.Ct. 1204, 22 L.Ed.2d 462 and

Tidmore v. Taylor, 323 F.2d 88 (10th Cir.), cert. denied, 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973. As to the District Court's failure to appoint counsel, it was discretionary and not mandatory that the court request an attorney to represent the petitioner in these circumstances in his civil proceedings. 28 U. S.C.A. § 1915(d); Flowers v. Oklahoma, 356 F.2d 916, 917 (10th Cir.).

Affirmed.

---

3. As in the *Oughton* case, the order shows the examination of the complaint by the court, and the complaint and related papers were preserved and are within our record for review.