**Alvin STJERNHOLM, Plaintiff–Appellant,**

v.

**COLORADO STATE BOARD OF CHIROPRACTIC EXAMINERS, Defendant–Appellee.**

**No. 90CA1385.**

Colorado Court of Appeals, Div. III.

Sept. 12, 1991.

As Modified on Denial of Rehearing Oct. 24, 1991.

Bath, Gateley and Cubbage, David E. Bath, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Linda K. Baker, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge TURSI.

This appeal presents the question whether the trial court properly dismissed plaintiff's 42 U.S.C. § 1983 (1988) action against a state agency for lack of jurisdiction. We affirm.

Plaintiff, Alvin Stjernholm, is a chiropractor who instituted this action in district court against defendant, Colorado State Board of Chiropractic Examiners (the Board). Plaintiff specifically claims that defendant's conduct deprived him of his constitutional right to due process, including his right to a fair and impartial disciplinary hearing, and resulted in his probation and the suspension of his license to practice chiropractic.

The Board filed a motion for summary judgment in which it requested dismissal of plaintiff's claims on the ground that the trial court lacks jurisdiction over the mat-

ter.  Plaintiff now appeals the judgment of dismissal entered in response to that motion.

## I.

 Section 1983 of the Civil Rights Act renders certain "persons" liable for deprivation of constitutional rights.  Plaintiff contends that the Board enjoys the status of a "person" for purposes of a § 1983 action inasmuch as the Board is a "public organization" and not an "agency" of the state.  We disagree.

The proposition that states and their entities are "persons" which may be sued in the context of a § 1983 action was rejected by the United States Supreme Court in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Specifically, the Court held that states, state officials, and governmental entities that are considered "arms of the State" are not "persons" within the meaning of § 1983.  Hence, they cannot be sued for liability arising from conduct which deprives a plaintiff of his civil liberties.

Moreover, the Board is a regulatory body of the state which performs certain functions attendant to the practice of chiropractic, including disciplinary review of its members.  *See* §§ 12–33–103 and 12–33–107, C.R.S. (1990 Cum.Supp.).  As a board, it is a state agency by definition.  Section 24–4–102(3), C.R.S. (1988 Repl.Vol. 10A). And, a state agency is specifically excluded from the applicable statutory definition of a "person":

> " 'Person' includes an individual, limited liability company, partnership, corporation, association, county, and public or private organization of any character *other than an agency.*"

Section 24–4–102(12), C.R.S. (1990 Cum. Supp.) (emphasis supplied).

Therefore, because the Board is an agency which is not subject to liability in this context, we conclude that plaintiff failed to state a cognizable claim pursuant to § 1983.  *Will v. Michigan Department of State Police, supra; see Weaver v. De-*

*partment of Social Services*, 791 P.2d 1230 (Colo.App.1990).

## II.

 Plaintiff nevertheless argues that his § 1983 claims are properly brought on account of his claim for injunctive relief. We disagree.

The single exception to the rule enunciated in *Will* occurs when a state official is sued in his or her official capacity for injunctive relief.  In such a case, the state official is considered to be a "person" for purposes of § 1983 since "official capacity actions for prospective relief are not treated as actions against the State."  *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Here, plaintiff instituted this action against the Board and elected not to name the members of the Board acting in their official capacity as party-defendants. Therefore, because plaintiff's request for injunctive relief is directed against an improper party, his claim falls outside the enunciated exception.

Our disposition of this appeal on the foregoing grounds renders review of plaintiff's other contentions unnecessary.

The judgment of dismissal is affirmed.

RULAND and DUBOFSKY, JJ., concur.