9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Reuben THOMAS, Plaintiff-Appellant,
v.
GRIFFIN MEMORIAL HOSPITAL; Dr. Unknown Knox; Dr. Milton
Vogt; Dr. Jeff Ness; Dr. Mike Hume, P.A.; Dr.
William N. Morris, Defendants-Appellees.
 No. 93-6282.
 United States Court of Appeals, Tenth Circuit.
 Dec. 6, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Reuben Thomas, an inmate of the McAlester State Penitentiary in Oklahoma, appearing pro se, appeals from the district court's order adopting the recommendation of the United States Magistrate Judge in dismissing his complaint for lack of subject matter jurisdiction.
 
 
 3
 Thomas filed suit for alleged medical malpractice of Griffin Memorial Hospital and five named physicians, alleging that as a result of surgery performed on him, he has suffered intermittent pain in his arm and has difficulty in lifting weights. On October 18, 1991, plaintiff had surgery at Griffin Memorial to remove a mass from his right axillary (arm pit) which had persisted for about eight months and a mass from his left neck which had persisted for about one year. Thomas fully consented to the surgery. Following removal of the masses, specimens were submitted for analysis. It was determined that there was no malignancy. Plaintiff Thomas now contends that he was not informed of the risks or procedures of the surgeries. He alleged that the defendants were negligent in performing the surgeries.
 
 
 4
 In his complaint, Thomas alleged that his action is a "Medical Malpractic [sic] Complaint Under 22 U.S.C. 2702 and 28 U.S.C. 2677." Neither of these sections provide the court with subject matter jurisdiction based on the facts alleged. Section 2702 pertains to actions for malpractice of physicians who work for the Department of State of any other federal department, agency or instrumentality. Griffin Memorial Hospital is an agency of the State of Oklahoma and none of the named physicians are employed by the United States. Section 2677 simply authorizes the Attorney General of the United States to arbitrate, compromise, or settle any claim cognizable under 28 U.S.C. 1346. (Suits against the United States for the recovery of damages). Furthermore, no allegations of diversity appear in the plaintiff's complaint. The district court dismissed Thomas' complaint for lack of subject matter jurisdiction.
 
 
 5
 On appeal, Thomas argues that (1) the district court abused its discretion in failing to rule on his motion for appointment of counsel, and (2) in light of Haines v. Kerner, 404 U.S. 519 (1972), this court should hold that the district court applied the wrong standard for adjudicating his claims because it acted without the benefit of professional counsel to assist Thomas.
 
 
 6
 Conducting a de novo review, we hold that the district court did not err in dismissing plaintiff's complaint for lack of subject matter jurisdiction.
 
 
 7
 First, Thomas contends that the district court erred in failing to grant his motion for appointment of counsel to represent him in this civil case. We disagree. Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988) and Kennedy v. Meacham, 540 F.2d 1057, 1062 (10th Cir.1976) makes it clear that the appointment of counsel for inmates filing civil suits is discretionary. See also, Harbolt v. Alldredge, 464 F.2d 1243, 1245 (10th Cir.), cert. denied, 409 U.S. 1025 (1972); Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir.1969). This is not a complex case. The district court did not err in denying Thomas' motion for appointment of counsel.
 
 
 8
 Finally, we hold that the district court did not err in dismissing the complaint for lack of subject matter jurisdiction. No allegations of diversity of citizenship appear in the complaint pursuant to 28 U.S.C. 1332. The complaint does not contain any facts establishing federal question jurisdiction under 28 U.S.C. 1331. Furthermore, there are insufficient allegations to establish jurisdiction under 42 U.S.C.1983 because the complaint utterly fails to allege facts constituting denial of adequate medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. See Wilson v. Seiter, --- U.S. ----, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Handy v. Price, 996 F.2d 1064 (10th Cir.1993) (must show unnecessary and wanton infliction of pain and deliberate indifference); Daniels v. Gilbreath, 668 F.2d 477, 481 (10th Cir.1982) (must allege and show deliberate indifference to serious medical needs of prisoner constituting unnecessary and wanton infliction of pain).
 
 
 9
 We AFFIRM.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3