Bobbie Eugene PRUITT, Plaintiff–Appellant,

v.

Louis HESS, in his official and individual capacities, Michael Vigil, in his official and individual capacities, Centennial Correctional, Frank O. Gunter, in his official and individual capacities, Bradley Rockwell, in his official and individual capacities, and Colorado Department of Corrections, Defendants–Appellees.

No. 95CA0162.

Colorado Court of Appeals, Div. II.

Feb. 8, 1996.

Rehearing Denied March 14, 1996.

Certiorari Denied Sept. 23, 1996.

Bobbie Eugene Pruitt, pro se.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Beverly Fulton, Simon P. Lipstein, Assistant Attorneys General, Denver, for Defendants–Appellees.

Opinion by Judge CRISWELL.

Plaintiff, Bobbie Eugene Pruitt, appeals from the judgment of the trial court that dismissed his 42 U.S.C. § 1983 (1982) complaint against all of the named defendants, consisting of the Colorado Department of Institutions, the Centennial Correctional Facility, and various individual employees and officials thereof. We affirm.

Plaintiff sued all individuals in their individual and official capacities, asserting that he had been denied the use of law library facilities at the Centennial Correctional Fa-

cility in violation of the Fourteenth Amendment.

The Colorado Department of Corrections and the Centennial Correctional Facility moved to dismiss, asserting that, being arms of the state government, they are not "persons" under § 1983 and are, therefore, not subject to suit under that statute. The district court granted this motion, and such action was proper. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (neither state nor agency of state is a "person" which can be sued under § 1983); *Stjernholm v. State Board of Chiropractic Examiners*, 820 P.2d 1166 (Colo.App.1991).

All of the individual defendants, except defendant Vigil, the librarian at the Centennial Correctional Facility, moved to dismiss the complaint against them, and the court granted their motion. This was also proper.

While a state official sued in his or her official capacity may be a "person" for purposes of suit under § 1983, this is true only if declaratory or injunctive relief is requested. If damages are requested, such request amounts to a suit against the state itself, and such suit cannot be maintained under § 1983. *Will v. Michigan Department of State Police, supra.*

A suit for declaratory relief will lie against an appropriate individual in his or her official capacity, if that official is charged with enforcing or implementing a statute, regulation, ordinance, or policy that is being challenged. *Oten v. Colorado Board of Social Services*, 738 P.2d 37 (Colo.App.1987). No such challenge is mounted here, however. There is, therefore, no basis for a suit against these individual defendants in their official ·capacities.

Further, plaintiff makes no allegation that any of these defendants played any personal role in the alleged denial of his right of access to the courts; it is defendant Vigil's alleged actions and omissions upon which plaintiff grounds his complaint. There is, therefore, no basis for the assertion of a claim against these defendants in their individual capacities that could lead to their personal liability. *See Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) (actions of defendant must be proximate cause of constitutional violation or no liability attaches); *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (doctrine of *respondeat superior* cannot be relied upon to impose liability under § 1983).

Defendant Vigil moved for summary judgment, and in doing so, presented evidence to the court that, during the period that plaintiff had been incarcerated at the Centennial facility, he made several requests for the photocopying of documents and for legal research materials and was provided with such copies and materials. Because of the numerous other requests received (in excess of 19,600 photocopies were prepared in a three-month period), however, some of the photocopying requests were not honored within the time requested and some of the legal materials were not available. He argued, however, that no proper request was intentionally refused. In addition, Vigil argued that plaintiff had not suffered any prejudice, and his access to the courts had not been denied, as a result of the failure to provide any photocopy or legal research material to plaintiff.

The court granted defendant Vigil's motion for summary judgment without stating its reasons. In doing so, it committed no error.

A prison inmate has no absolute right to use a law library. Such an inmate does, however, have the right to obtain meaningful access to the courts to pursue constitutional claims. Hence, if a state chooses not to provide legal representation to inmates desiring to assert such claims, that state must provide reasonable access to legal research materials for review by the inmate. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

However, reasonable restrictions may be placed upon an inmate's use of library materials so long as such restrictions do not frustrate the inmate's access to the courts. *Twyman v. Crisp*, 584 F.2d 352 (10th Cir. 1978); *accord Harrell v. Keohane*, 621 F.2d

1059 (10th Cir.1980) (absent showing that delay in allowing use of law library resulted in dismissal of claim or other court sanction, such delay does not infringe upon right of access to courts).

Here, it is undisputed that, in a few instances, plaintiff failed to receive photocopies or research materials as soon as he would have liked. However, although plaintiff asserted that he was a party to some four separate pieces of ligation, he was unable to specify any adverse circumstances in any case that resulted from the delay. Absent such a showing, no constitutional violation has occurred. *See Twyman v. Crisp, supra.*

Plaintiff also asserts that the court erred in failing to appoint counsel to represent him in these proceedings. In doing so, plaintiff does not assert that either the Fourteenth Amendment or *Bounds v. Smith, supra,* requires such an appointment. Rather, he relies solely upon 28 U.S.C. § 1915(d) (1988) as the basis for the trial court's authority to appoint an attorney to represent him in this civil proceeding.

However, even if we assume that this federal statute authorizes a state court to appoint counsel in an action under a federal civil rights statute, the decision to appoint counsel would be discretionary. *Harbolt v. Alldredge,* 464 F.2d 1243 (10th Cir.), *cert. denied,* 409 U.S. 1025, 93 S.Ct. 473, 34 L.Ed.2d 319 (1972). And, considering the nature of plaintiff's complaint and his demonstrated abilities to act in a *pro se* capacity, we are convinced that the failure to appoint counsel here was not an abuse of discretion.

Finally, the other issues raised by plaintiff are rendered moot by our disposition of the foregoing questions.

Judgment affirmed.

HUME and SMITH,* JJ., concur.