**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

BRIAN WILLIAM McKYE,

        Defendant - Appellant.

No. 17-6207
(D.C. Nos. 5:17-CV-00328-R and
5:11-CR-00045-R-1)
(W.D. Oklahoma)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Brian McKye, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the denial of his motion to vacate, set aside, or

correct his sentence. For the following reasons, we deny a COA and dismiss this

appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. McKye is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.       BACKGROUND

Mr. McKye is currently serving a 204-month prison term. He was originally convicted in 2011 of seven counts of securities fraud and one count of conspiracy to commit money laundering, but we reversed and remanded for a new trial. *United States v. McKye*, 734 F.3d 1104, 1105 (10th Cir. 2013) ("*McKye I*"). Although Mr. McKye was represented by counsel both in his first trial and on his successful appeal from that trial, he chose to represent himself at his retrial. Whatever the wisdom of that decision, the outcome of the second trial was the same as the first: the new jury found Mr. McKye guilty of the same seven counts of securities fraud, along with the one additional count of conspiracy to commit money laundering. Mr. McKye thereafter re-retained counsel and pursued a second direct appeal. This time, however, we affirmed, *United States v. McKye*, 638 F. App'x 680, 681 (10th Cir. Dec. 16, 2015) ("*McKye II*"), and the Supreme Court denied certiorari, 136 S. Ct. 2522 (2016).

Once again proceeding pro se, Mr. McKye timely exercised his right to move for post-conviction relief under 28 U.S.C. § 2255, which, in certain circumstances, allows the court that imposed a prisoner's sentence "to vacate, set aside or correct the sentence." As the district court observed, Mr. McKye "devote[d] nearly his entire brief to describing why legal errors contaminated his [second] trial." *McKye v. United States*, No. CR-11-45-R CIV-17-328-R, 2017 WL 3262103, at *1 (W.D. Okla. July 31, 2017) ("*McKye III*"). Arguments of that sort are typically the domain of a direct appeal, rather than a § 2255 motion for post-conviction relief. But, on account of a "singular reference" to

2

appellate counsel's failure to raise those errors on direct appeal, the district court liberally construed his motion as raising myriad claims for ineffective assistance of appellate counsel in violation of the Sixth Amendment. *Id.* It then divided those claims for relief into seven categories of purported error: (1) improper admission of hearsay testimony; (2) violations of the Speedy Trial Act; (3) errors related to the indictment; (4) denial of the right to counsel; (5) prejudicial remarks and evidence by the government; (6) erroneous jury instruction; and (7) cumulative error. *See id.* at *1–6. As to the first category, the district court denied relief because Mr. McKye's counsel in fact *did* raise the hearsay issue on direct appeal. *Id.* at *2. Finding that this court had already summarily rejected Mr. McKye's hearsay argument, the district court did not allow him to relitigate it via collateral attack. *Id.* As to the remainder of the claims, the district court concluded that appellate counsel was not ineffective in failing to raise them because they "would have been meritless and thus would not have entitled Mr. McKye to relief." *Id.* at*1.

The district court also declined to issue Mr. McKye a COA. *Id.* at *6. Mr. McKye now applies for a COA from this court, the issuance of which is necessary for him to appeal.

## II.    ANALYSIS

Like the district court, we liberally construe Mr. McKye's arguments relating to errors at his second trial as claims that his appellate counsel was ineffective for not

3

raising those purported errors on direct appeal.[2] "When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." *Hammon v. Ward*, 466 F.3d 919, 927 (10th Cir. 2006); *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999). "If the omitted issue is without merit, appellate counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *United States v. Barrett*, 797 F.3d 1207, 1220 (10th Cir. 2015) (quoting *Hooks*, 184 F.3d at 1221) (alteration omitted).

## A. *Standard of Review*

Because the district court declined to issue a COA, we lack jurisdiction to consider any of Mr. McKye's ineffective-assistance claims unless and until we issue a COA of our own. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). And we cannot issue a COA unless we are persuaded that Mr. McKye "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In making that determination, our standard of review differs depending on whether a particular claim was denied on the merits or on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The [prisoner] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). By contrast, when a district court denies relief without reaching the prisoner's underlying constitutional claim, the prisoner

---

[2] Section 2255 motions are the preferred vehicle for considering ineffective-assistance-of-counsel claims. *United States v. Erickson*, 561 F.3d 1150, 1170 (10th Cir. 2009).

4

must clear two hurdles: he must show both (1) "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the most part, the district court denied Mr. McKye's claims on the merits. But it declined to reach the merits of one issue (the improper admission of hearsay testimony) on the ground that this court had already summarily rejected it and so Mr. McKye was not permitted to "relitigate it via collateral attack." *McKye III*, 2017 WL 3262103, at *2 (citing *McKye II*, 638 F. App'x at 682). We consider whether a COA should issue as to the hearsay claim first. Then, as to the remainder of the issues, we will consider whether Mr. McKye has demonstrated that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.[3]

## B. *Improper Admission of Hearsay Testimony*

Mr. McKye claims that his appellate counsel was ineffective for failing to properly argue that the district court's admission of hearsay testimony was reversible error. In his application for a COA, Mr. McKye points out that the district court "ignore[d] the facts

---

[3] Mr. McKye presents fourteen issues for our review. As to the first twelve issues, we follow the district court and group his claims into the following six categories: (1) improper admission of hearsay testimony; (2) violations of the Speedy Trial Act; (3) errors related to the indictment; (4) denial of the right to counsel; (5) prejudicial remarks and evidence by the government; and (6) confusing jury instruction. As to the thirteenth and fourteenth issues identified by Mr. McKye (whether the district court abused its discretion in ignoring its own order and cumulative error), we find that he has failed to adequately develop those arguments in his brief. Thus, we treat them as waived. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (holding that the appellant waived his claim on appeal "because he failed to address that claim in either his application for a COA or his brief on appeal").

on record." Appellant's Br. 15. Indeed it did: the district court declined to consider the merits of Mr. McKye's hearsay claim because it was previously raised and summarily rejected on direct appeal. Mr. McKye's task now is to show that jurists of reason would find it debatable whether the district court was correct in that procedural ruling. He has not made that showing. His entire procedural argument is a quotation from *United States v. Rayford*, 496 F. App'x 767, 769 (10th Cir. 2012), a non-precedential opinion in which, "[b]ased on . . . new evidence," we "depart[ed] from our general rule against considering on habeas an issue that was disposed of on direct appeal." But Mr. McKye cites no "new evidence" that could lead us to question whether the district court's procedural ruling was debatable or wrong. Therefore, Mr. McKye is not entitled to a COA on this claim.[4]

## C. *Violation of the Speedy Trial Act*

Next, the district court concluded that the Speedy Trial Act was not violated and so appellate counsel necessarily was not ineffective in failing to pursue that meritless claim on appeal. *McKye III*, 2017 WL 3262103, at *2–3. In his application for a COA, Mr. McKye argues that a criminal defendant, after reversal and remand, is entitled to at least thirty days to prepare for retrial under 18 U.S.C. § 3161(c)(2). That statute provides: "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). Noting

---

[4] The district court also rejected Mr. McKye's contention that his appellate counsel so "poorly framed" his hearsay argument on direct appeal that it constituted ineffective assistance. *McKye III*, 2017 WL 3262103, at *4. Mr. McKye's application for a COA does not meaningfully challenge the district court's conclusion. In any event, we conclude that reasonable jurists would not find the district court's conclusion debatable.

that (1) Mr. McKye first appeared with counsel at his arraignment in February 2011 and (2) his second trial commenced more than two and a half years later, in November 2013, the district court concluded that § 3161(c)(2) was satisfied. *McKye III*, 2017 WL 3262103, at *3. Mr. McKye argues that the district court was incorrect, because § 3161(c)(2)'s clock starts anew at a defendant's first appearance following remand. In this case, Mr. McKye's first appearance after we issued our mandate on his first appeal occurred on October 24, 2013, and his new trial commenced on November 18, 2013, just twenty-five days later.

The problem with Mr. McKye's argument is that § 3161(c)(2) does not purport to limit a district court's discretion to schedule a retrial after remand whenever the court so chooses. To be sure, other provisions of the Speedy Trial Act set the outer bounds within which any retrial must be scheduled, *see* 18 U.S.C. § 3161(e) (providing that if a defendant is to be tried again following an appeal, the trial shall commence within seventy days), but nothing in the text of the Speedy Trial Act cabins the district court's discretion on the front end, at least when it comes to scheduling a retrial. That is not to say a criminal defendant has no recourse under law to challenge a retrial convened too quickly after remand. A criminal defendant can always request a continuance, which the district court can grant or not "under its 'broad discretion,'" a judgment we would review for abuse of discretion. *See United States v. Richardson*, 537 F.3d 951, 958 (8th Cir. 2008). But Mr. McKye is not now objecting to the denial of a request for a continuance. His argument instead is that his appellate counsel was ineffective for failing to raise a § 3161(c)(2) challenge on direct appeal. We are cognizant that the merits of Mr. McKye's

7

foregone Speedy Trial Act claim are not before us at this time. But because the text of § 3161(c)(2) does not clearly entitle him to the relief requested and because Mr. McKye has identified no case law providing relief in these circumstances, we are skeptical that appellate counsel provided constitutionally ineffective assistance in failing to present that argument to us on direct appeal. *See United States v. Jackson*, 50 F.3d 1335, 1339 (5th Cir. 1995) (holding that the retention or appointment of new counsel does not trigger a new thirty-day period under § 3161(c)(2)). In any event, we conclude that jurists of reason would not find the district court's judgment that counsel was not ineffective to be debatable. As a result, we decline to issue a COA on this claim.

## D. *Errors Related to the Indictment*

Mr. McKye also seeks to pursue two claims related to the indictment. He argues appellate counsel was ineffective for failing to argue that (1) the government delayed presentation of the indictment to "harass" him and "gain [a] tactical advantage," Appellant's Br. 11, and (2) the government "deceived" him by reading a partial indictment that omitted "the core issue of their case," *id.* at 14. The district court rejected both claims on the ground that the alleged errors were not prejudicial. *McKye III*, 2017 WL 3262103, at *3–4. In his application for a COA, Mr. McKye once again describes the errors he wishes to challenge, but he does not meaningfully engage with the district court's conclusion that those errors were not prejudicial. Thus he has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. We decline to issue a COA on these claims.

## E. *Denial of the Right to Trial Counsel*

The district court counted "essentially three complaints about [Mr. McKye's] trial counsel, or lack thereof." *McKye III*, 2017 WL 3262103, at *4. First, the district court rejected Mr. McKye's contention that it improperly denied his request to appoint someone other than his two previous court-appointed attorneys whom he had fired. *Id.* Second, the district court rejected his argument that his waiver of counsel and decision to proceed pro se was involuntary. *Id.* Third, the district court concluded that it did not impermissibly hamper Mr. McKye's defense by denying him personal access to a law library. *Id.* Mr. McKye applies for a COA to appeal the first and third points only.

### 1. Mr. McKye's Request for Substitute Counsel

As to Mr. McKye's request for alternate counsel, the district court first described what happened after remand:

> In a lengthy exchange at the October 30, 2013 hearing, the Court explained that Mr. McKye had a choice: proceed pro se or accept the reappointment of one of the attorneys whom he had previously fired. Mr. McKye opted to proceed pro se. As he informed the Court, he would rather quickly go to trial than have counsel who would request additional time to prepare. He made this decision in spite of the Court's warnings about proceeding pro se in a complex case steeped in securities law. *See* Doc. 300.

> In other words, Mr. McKye had numerous opportunities to obtain counsel but chose not to. "An indigent defendant must be provided with appointed counsel at state expense. But an indigent defendant does not have a right to choose appointed counsel." *United States v. Nichols*, 841 F.2d 1485, 1504–1505 (10th Cir. 1988). That Mr. McKye did not prefer either of his Court-appointed attorneys does not mean he was deprived of representation.

9

*Id.* at \*4. In his application for a COA, Mr. McKye explains his difficulties with his second court-appointed attorney, Jack Pointer. He mentions his first court-appointed attorney, Paul Lacy, only in passing. *See* Appellant's Br. 13 (describing Mr. Lacy as "his first trial's fired counsel"). Assuming Mr. McKye has shown that the appointment of Mr. Pointer was not a viable option, Mr. McKye has not even attempted to demonstrate why the district court's offer to reappoint Mr. Lacy did not satisfy his constitutional right to trial counsel. As a result, Mr. McKye has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. We decline to issue a COA on this claim.

## 2. Access to Law Library

For substantially the same reasons, the district court rejected Mr. McKye's argument that his appellate counsel was ineffective for failing to argue on appeal that the district court denied him personal access to a law library. The district court noted that it provided Mr. McKye with standby counsel. And, relying on *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999), it concluded that the provision of standby counsel was "a proper substitute for library access." *McKye III*, 2017 WL 3262103, at \*4. Thus, collateral relief on this ground would be inappropriate. *Id.*

In his application for a COA, Mr. McKye contends that he was "denied inspection and copying of information crucial to the defense" in violation of Federal Rule of Criminal Procedure 16(a)(1)(E). Appellant's Br. 14. That rule requires the government to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of

10

these items, if the item is within the government's possession, custody, or control" and (i) the item is material to preparing the defense, (ii) the government intends to use the item in its case-in-chief, or (iii) the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Mr. McKye alleges the government violated that rule when the United States Marshals refused to turn over any documents to Mr. McKye, who was incarcerated, unless Mr. McKye first signed a waiver surrendering his right to make photocopies. Appellant's Br. 14.

That waiver is not in the record. Whatever the waiver's contents, however, Mr. McKye has not argued that the waiver would have applied to his standby counsel. And it is evident from the record that Mr. McKye had access to standby counsel's laptop for the purpose of viewing the requested documents. R. Vol. I at 125. In his application for a COA, Mr. McKye asserts that the appointment of standby counsel "did not cure" the alleged Rule 16(a)(1)(E) violation. Appellant's Br. 14. But Mr. McKye has said nothing that could demonstrate why this is so.[5] Once again, he has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. We decline to issue a COA on this claim.

---

[5] Mr. McKye cites *Harbolt v. Alldredge*, 464 F.2d 1243 (10th Cir. 1972), for the proposition that appellate counsel was ineffective for failing to challenge the denial of his right to inspect and copy information. In *Harbolt*, we affirmed the dismissal of a prisoner's civil rights complaint for compensatory and punitive damages and a request for appointment of counsel. *Id.* at 1243, 1245. And we rejected the plaintiff's assertion that he was wrongfully denied copies of FBI interrogation reports. *Id.* at 1244. *Harbolt* is utterly inapposite to Mr. McKye's application for a COA in this case.

11

### F. *Prejudicial Remarks and Evidence by the Government*

Fifth, Mr. McKye claims his appellate counsel was ineffective for failing to raise arguments regarding prejudicial remarks and evidence by the government on direct appeal. Specifically, Mr. McKye asserts that counsel should have challenged the government's use of phrases such as "Ponzi scheme" and "payday lender," its reference to his "real estate" holdings, its use of "investment note" and "investment contract" interchangeably, and the introduction of expert testimony improperly characterized as lay testimony.

The district court, construing these arguments as Due Process challenges, dismissed them because Mr. McKye failed to show the purported errors were "so unduly prejudicial that [they] rendered the trial fundamentally unfair." *McKye III*, 2017 WL 3262103, at *5 (quoting *Holland v. Allbaugh*, 824 F.3d 1222, 1228 (10th Cir. 2016) (alteration omitted)). Nothing in Mr. McKye's application persuades us that the district court was mistaken in its conclusion, let alone that these purported trial errors were so prejudicial that his appellate counsel was ineffective in failing to present them to us on direct appeal. As we have repeatedly explained,

> The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. Consequently, appellate counsel engage in a process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail. The weeding out of weak claims to be raised on appeal is the hallmark of effective advocacy, because every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court.

12

*Scott v. Mullin*, 303 F.3d 1222, 1230 n.4 (10th Cir. 2002) (quoting *United States v. Cook*, 45 F.3d 388, 394–95 (10th Cir. 1995)). In determining whether a COA should issue, of course, we do not judge the merits of any of Mr. McKye's asserted errors at trial, or even the merits of his appellate counsel's choice not to challenge those purported errors on direct appeal. We consider only whether Mr. McKye has "demonstrate[d] that reasonable jurists would find the district court's assessment" that his appellate counsel was not ineffective in failing to raise these arguments on direct appeal to be wrong. *Slack*, 529 U.S. at 484. Mr. McKye has made no such showing, and so we decline to issue a COA to allow him to assert an ineffective-assistance claim based on appellate counsel's failure to raise any of the purportedly prejudicial remarks and evidence identified in his application.

## G. *Erroneous Jury Instruction*

Sixth, Mr. McKye argues his appellate counsel was ineffective for failing to challenge a specific jury instruction. Denying habeas relief on this claim, the district court recounted that it had instructed the jury that "in deciding whether a note bears a family resemblance to notes that are not considered securities under federal law, jurors should consider" the presence of risk-reducing factors:

> If no factor exists that reduces the risk of the note, such as the existence of another regulatory scheme outside of the securities laws, collateral, or insurance, then the note tends to be a security. However, if such a risk-reducing factor does exist, then the note is less sensibly viewed as a security.

*McKye III*, 2017 WL 3262103, at *5. Mr. McKye objected to this instruction at trial. He requested that the last sentence be modified to read: "However, if such a risk-reducing

13

factor does exist, such as collateral or insurance, then the note is less sensibly viewed as a security." Appellant's Br. 21. Mr. McKye now contends that he was entitled to his requested instruction, which he believes would have been more understandable to the jury, and that his appellate counsel was ineffective by refusing to press his trial objection on appeal. The district court concluded that its instruction was correct and, even were it not, any error would be harmless. *Id.* And Mr. McKye's requested jury instruction seems to have differed only stylistically and not substantively from the jury instruction actually given. Because his application fails to demonstrate that reasonable jurists would disagree with the district court's assessment that appellate counsel was not ineffective by failing to argue for Mr. McKye's preferred instruction on direct appeal, we once more deny a COA on this claim.

## III.    CONCLUSION

For the reasons stated, we deny Mr. McKye a COA and dismiss this appeal. His motion for leave to proceed in forma pauperis is granted.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

14