638 F.2d 207
 Jimmy PHILLIPS, Petitioner-Appellant,
v.
Frank E. CAREY, Jr., President, Oklahoma Board of
Corrections; F. Warren Benton, Ex-Director, Oklahoma Dept.
of Corrections; John Grider, Norman B. Hess, Bill Arends, J.
W. Smith, Richard D. Carswell, Leon Preston, Jerry
Martindale, John Hulsey, C. C. Smith, Harry Reading, Richard
Crisp, Les Easley, Melvin Tyler and Jerry Quinton, Richard
D. Carswell, Deputy Warden, O.S.P.; Patrick M. Robertson,
Warden, O.S.P., Women's Ward; Jack O. Hurt, Supervisor,
O.S.P.; J. E. Pearce, James T. Goodson, E. E. Webb, E. M.
Drenger, Charles E. Edwards, C. D. Roms, Larry Meachum and
Norman B. Hess, Respondents-Appellees.
 No. 80-1268.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Sept. 12, 1980.
 Decided Jan. 6, 1981.
Certiorari Denied March 9, 1981.
See 101 S.Ct. 1524.
 
 Jimmy Phillips, pro se.
 Jan Eric Cartwright, Atty. Gen., and Janet L. Cox, Asst. Atty. Gen., State of Okl., Oklahoma City, Okl., for respondents-appellees.
 Before SETH, Chief Judge, PICKETT and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Phillips, an inmate at the Oklahoma State Penitentiary, brought three separate actions pursuant to 42 U.S.C. § 1983 against various prison and government officials. The actions concerned prison segregation cells, harassment for Phillips' prior litigation, and denial of veterans benefits. The district court initially authorized Phillips to proceed in forma pauperis in each action. The cases were eventually consolidated pursuant to Fed.R.Civ.P. 42(a).
 
 
 3
 The district court later reviewed Phillips' prior litigation history and concluded he had abused court process by filing a series of frivolous complaints. An order was thereupon entered setting aside the forma pauperis authorizations and dismissing the actions. In addition, the district court ordered that certain requirements had to be met before appellant could file any future actions.
 
 
 4
 Although pro se complaints are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it is obvious that an indigent person has no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. This court has issued a number of opinions over the years which approve and direct methods and procedures for the initial handling of actions sought to be brought in forma pauperis in order that the bona fide actions may be sorted out of the vexatious, frivolous, and malicious filings.
 
 
 5
 * In Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972), cert. denied, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973), in Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962), and in other cases, we have held that when a motion to proceed in forma pauperis is filed and the poverty affidavit is facially sufficient, the complaint should be filed. See also Smart v. Villar, 547 F.2d 112 (10th Cir. 1976), and Oughton v. United States, 310 F.2d 803 (10th Cir. 1962), cert. denied, 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963), directing that procedure.
 
 II
 
 6
 The complaint is then tested under 28 U.S.C. § 1915(d), and if found to be frivolous, improper, or obviously without merit, the case should be dismissed. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976), Bennett v. Passic, 545 F.2d 1260 (10th Cir. 1976), Redford v. Smith, 543 F.2d 726 (10th Cir. 1976), Harbolt v. Alldredge, 464 F.2d 1243 (10th Cir.), cert. denied, 409 U.S. 1025, 93 S.Ct. 473, 34 L.Ed.2d 319 (1972), Oughton v. United States, 310 F.2d 803 (10th Cir. 1962), cert. denied, 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963), and other cases. If dismissed, reasons must be stated.
 
 III
 
 7
 The forma pauperis complaint is frivolous or without merit if the plaintiff cannot make a rational argument on the law or facts to support his claim. See the en banc opinion in Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). See also Harbolt v. Alldredge, 464 F.2d 1243 (10th Cir.), cert. denied, 409 U.S. 1025, 93 S.Ct. 473, 34 L.Ed.2d 319 (1972); Durham v. United States, 400 F.2d 879 (10th Cir. 1968), cert. denied, 394 U.S. 932, 89 S.Ct. 1204, 22 L.Ed.2d 462 (1969); Tidmore v. Taylor, 323 F.2d 88 (10th Cir. 1963), cert. denied, 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964). This test must be followed. We expressly so held in Collins v. Hladky, 603 F.2d 824 (10th Cir. 1979). If the complaint fails to state a claim, Fed.R.Civ.P. 12 is, of course, applicable.
 
 IV
 
 8
 In cases concerning prison conditions and related matters where it appears that the facts are not before the court for the testing under 28 U.S.C. § 1915(d), we have approved and directed the use of an order for a preliminary report from the appropriate officials concerning the factual allegations in the complaint. This is described fully in Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). See also Martinez v. Chavez, 574 F.2d 1043 (10th Cir. 1978). This method avoids the need for live testimony on the preliminary determination.
 
 V
 
 9
 It is apparent that if the complaint or other pleadings are abusive or contain offensive language, they may be stricken sua sponte under the inherent powers of the court. Fed.R.Civ.P. 12(f).VI
 
 
 10
 If the pleadings seek to press a claim for vexatious or malicious purposes, or are obviously repetitive, they may also be stricken under statutory authority and res judicata. No responsive pleading need be required. Smart v. Villar, 547 F.2d 112 (10th Cir. 1976). Costs may be taxed against the plaintiff in cases where the action is obviously malicious or frivolous. Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972), cert. denied, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).
 
 VII
 
 11
 Reasonable restrictions may be placed on all litigants who seek to advance repetitive causes, who file actions for obviously malicious purposes, and who generally abuse the processes. This again requires an exercise of judicial discretion within the court's inherent powers. These restrictions may be directed to provide limitations or conditions on the filing of future suits. It is apparent that such limitations are suitable only in well documented and extreme cases. As stated above, an indigent person has no constitutional or other right of access to the courts to prosecute an action that is frivolous, malicious, or which seeks to harass.
 
 VIII
 
 12
 We note that newly enacted 42 U.S.C. § 1997 (1980) directs the United States Attorney General to "promulgate minimum standards for the development and implementation of a plain, speedy, and effective system for the resolution of grievances of adults confined in any jail, prison, or other correctional facility." Id. § 1997e(b). A state may promulgate a grievance procedure which meets these minimum standards. Id. § 1997e(a)(2). Once a grievance system has been instituted, the trial court may continue an inmate's section 1983 action for up to ninety days to require exhaustion of such administrative remedies, if it is in the interest of justice. Id. § 1997e(a)(1).
 
 
 13
 We can express no view on the conditions herein imposed on the petitioner in regard to the filing of future actions because the record is deficient, as noted above. The imposition of restrictions is proper in extreme cases. The record before us does not demonstrate that the above procedures were applied to the petition, and the case is reversed and remanded for further proceedings.