2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kerry BROWN, Plaintiff-Appellant,
v.
PHARMCHEM LABORATORIES, INC., J. Michael Quinlan, Calvin
Edwards, Eddie Geouge, G. Quinn, S. King, Gary L.
Henman, Defendants-Appellees.
 No. 92-3402.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 1
 D.Kan., 1992 WL 266550.
 
 
 2
 AFFIRMED.
 
 
 3
 D.Kan., No. 92-CV-3010.
 
 
 4
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 
 
 5
 ORDER AND JUDGMENT**
 
 
 6
 BRIMMER, District Judge.
 
 
 7
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 8
 Plaintiff-appellant Kerry Brown is a prisoner at the United States Penitentiary in Leavenworth, Kansas. This case arises out of urine tests that prison officials required Mr. Brown to take in 1990 and 1991. Mr. Brown provided urine samples on three occasions that were analyzed by defendant PharmChem Laboratories, Inc., and were found to test positive for narcotics. Based on PharmChem's findings, prison officials charged Mr. Brown with possession or use of narcotics. After disciplinary proceedings including hearings, Mr. Brown was found guilty of the charges on all three occasions and each time was punished with disciplinary segregation, forfeiture of statutory good time, and suspension of visitation rights.
 
 
 9
 Mr. Brown brought this action against PharmChem and various federal prison employees, alleging that the testing and resulting disciplinary actions violated his civil rights,[1] the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Secs. 1962, 1964, and 1968, and prison regulations. His civil rights claims allege that his Fifth and Eighth Amendment rights were violated because he did not receive due process during his disciplinary hearings, he was subjected to double jeopardy by being charged twice for the same incident, and his punishment of segregation and loss of visitation rights amounted to cruel and unusual punishment. He also alleged that defendants committed mail and wire fraud and conspired to prolong his imprisonment and "maintain the lucrative existing contracts" between PharmChem and the federal government. PharmChem filed a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). In response, Mr. Brown contended that he stated a valid RICO claim but did not argue in support of his other claims against PharmChem. The federal employees then filed their own motion to dismiss or, in the alternative, for summary judgment. The district court ordered Mr. Brown to show cause why the federal employees' motion to dismiss or for summary judgment should not be granted, and Mr. Brown filed a response to the motion.
 
 
 10
 The district court granted PharmChem's motion to dismiss, finding that PharmChem was not an agent of the federal government, that Mr. Brown did not identify any action taken by PharmChem which might subject it to liability under Bivens, and that his claims were insufficient to state a cause of action under either 42 U.S.C. Sec. 1983 or RICO. The district court also granted the federal employees' motion for summary judgment.[2] It found that Mr. Brown's due process claim failed and that there was evidence in the record supporting the conclusions reached by the disciplinary boards. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Next, it granted qualified immunity to the employees on Mr. Brown's claim that he should have been provided with test results at the time of his hearings. The court concluded that the law is not settled to a degree requiring reasonably competent officials to supply test results to a prisoner. See Harrison v. Dahm, 911 F.2d 37, 40-41 (8th Cir.1990). Third, the court found that Mr. Brown did not have a constitutionally protected interest in remaining in a particular location inside the prison, see Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989), and that his Eighth Amendment claim involving his segregation for disciplinary purposes failed. Finally, the district court determined that his loss of visitation rights was not disproportionate to the charges of which he was found guilty and did not amount to cruel and unusual punishment.
 
 
 11
 Mr. Brown filed a timely notice of appeal of the district court's dismissal of his complaint. We have jurisdiction under 28 U.S.C. Sec. 1291 and review the district court's grant of both the Rule 12(b)(6) motion and summary judgment de novo, see Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989), and Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 12
 Because Mr. Brown proceeds pro se, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, our "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).[3] We agree with the district court that Mr. Brown's conclusory allegations of conspiracy and mail and wire fraud fail to adequately state a RICO claim. See Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir.1989). Assuming without deciding that a Bivens claim may be stated against a private party, see DeVargas v. Mason & Hanger-Silas Mason Co., 844 F.2d 714, 720 n. 5 (10th Cir.1988), we also agree with the district court that Mr. Brown has failed to state a valid civil rights claim against PharmChem. We therefore affirm the district court's grant of PharmChem's motion to dismiss.
 
 
 13
 We also agree that the district court's grant of summary judgment in favor of the federal employees was correct. Summary judgment is appropriate if the pleadings and other materials on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If the moving party meets its initial burden of showing the absence of material factual disputes, the opposing party must come forward with specific facts showing that there is a genuine issue for trial, and cannot rely on the mere allegations in the pleadings. See Rule 56(e); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991).
 
 
 14
 Mr. Brown has failed to raise any genuine, material factual issues. The disciplinary proceedings complied with due process requirements by providing him with advance written notice of the charges, an opportunity to call witnesses and present evidence, and a written statement by the hearing officer of the evidence relied on and the reasons for disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Hill, 472 U.S. at 454. Mr. Brown did not clearly have a right to copies of his test results, Harrison, 911 F.2d at 40-41, and the district court correctly granted qualified immunity on this claim, Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988) (plaintiff must show that law was clearly established when alleged violation occurred). We also see no merit to Mr. Brown's Eighth Amendment claims. Thus, for substantially the same reasons as the district court stated, we agree that the federal employees are entitled to summary judgment on the due process and Eighth Amendment claims.
 
 
 15
 In addition, though the district court did not specifically address it, Mr. Brown's double jeopardy claim also fails. The basis for this claim is that at his first disciplinary hearing resulting from his third positive drug test, he was found not guilty because one of the federal employee defendants misinterpreted the PharmChem lab report and incorrectly listed the drugs identified by PharmChem on the incident report. The employee prepared a new and corrected incident report, Mr. Brown was recharged, and this time was found guilty. He claims that recharging him subjected him to double jeopardy. However, double jeopardy protections do not apply in prison disciplinary proceedings. See Benfield v. Bounds, 540 F.2d 670, 676 and n. 9 (4th Cir.1976), vacated on other grounds, Jones v. Carroll, 429 U.S. 1033 (1977); Gorman v. Moody, 710 F.Supp. 1256, 1266 (N.D.Ind.1989); cf. United States v. Rising, 867 F.2d 1255, 1259 (10th Cir.1989) (prison administrative punishment does not render subsequent criminal proceeding violative of double jeopardy). See generally Wolff, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). Summary judgment on Mr. Brown's double jeopardy claim is appropriate.
 
 
 16
 We have considered Mr. Brown's other allegations and arguments and find them unpersuasive. The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Brown alleged civil rights violations under 42 U.S.C. Secs. 1983 and 1985(3), which the district court interpreted as Bivens claims. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 The district court stated that it was granting the federal employees' motion to dismiss. However, because the court relied on material not included as part of Mr. Brown's complaint (primarily evidence relating to the disciplinary proceedings), the district court's action is more correctly viewed as granting summary judgment. See Rule 12(b); Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). We note that the court properly gave Mr. Brown notice of and an opportunity to respond to the summary judgment motion, see Miller, 948 F.2d at 1565, and that Mr. Brown did respond
 
 
 [3]
 Mr. Brown contends on appeal that the district court should have required defendants to prepare a Martinez report, Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir.1978), and that the district court should have applied the tests and procedures required by Phillips v. Carey, 638 F.2d 207 (10th Cir.), cert. denied, 450 U.S. 985 (1981), and Collins v. Cundy, 603 F.2d 825 (10th Cir.1979). There is no need for a Martinez or similar report in this situation because all of the information it would ordinarily provide was contained in the federal employees' motion and supporting materials. Both Phillips and Collins deal with dismissals under 28 U.S.C. Sec. 1915(d) and the use of Martinez reports as the basis for such dismissals. In this case, the district court dismissed Mr. Brown's complaint on the merits; Phillips and Collins are inapplicable