21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Don JOHNSON, Plaintiff-Appellant,
v.
Larry FIELDS; State of Oklahoma, Defendants-Appellees.
 No. 94-6008.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Johnson, a state inmate and pro se litigant appeals the dismissal of his civil rights complaint. We affirm the decision of the district court which concluded the complaint was frivolous.
 
 
 3
 Oklahoma enacted the Prison Overcrowding Emergency Powers Act. Okla.Stat. tit. 57, Secs. 570-576. This law provides that whenever the Oklahoma prison population exceeds 95% of capacity for 30 consecutive days, 60 days of emergency time credits will be given to any prisoner who is (1) classified as a medium or lower security risk, (2) incarcerated for a nonviolent offense, and (3) not incarcerated for a second or subsequent offense. Id. Secs. 572-573.
 
 
 4
 Mr. Johnson was not eligible for the emergency time credits. Consequently Mr. Johnson commenced his pro se action asserting the law to be unconstitutional as it excludes certain classes of prisoner from benefiting therefrom; alleging his security classification has no bearing on the conditions caused by overcrowding; and generally alleging that all prisoners should receive the equal application and benefits of any law that would relieve prison overcrowding. Mr. Johnson also contends the provisions of the law amounted to cruel and unusual punishment. Mr. Johnson sought a declaratory judgment that the law was unconstitutional and further asked he be awarded the emergency time credits provided by the law in question.
 
 
 5
 The district court concluded the law does not violate the Equal Protection Clause as it is rationally related to a legitimate state purpose. The district court also concluded there were no factual allegations that could be regarded as cruel and unusual punishment. Consequently the district court held that Mr. Johnson could make no rational argument on the facts or the law to support his Equal Protection claim or his Eighth Amendment claim and dismissed.
 
 
 6
 Mr. Johnson appeals this decision arguing the law was intended to apply to all state prisoners and that the law is in derogation of the separation of powers.
 
 
 7
 Mr. Johnson's arguments are not supported by the law or the facts. The decision of the district court is AFFIRMED for substantially the same reasons set forth in the magistrate judge's report and recommendation and the district court's final order, copies of both being attached hereto.
 
 
 8
 In the United States District Court for the
 
 Western District of Oklahoma
 
 9
 Don Johnson, Plaintiff,
 
 
 10
 v.
 
 
 11
 State of Oklahoma ex rel. Larry Fields, Director, DOC, Defendants.
 
 CIV-93-1865-W
 REPORT AND RECOMMENDATION
 
 12
 BLASDEL, United States Magistrate Judge.
 
 
 13
 Plaintiff, appearing pro se and in forma pauperis, brings this civil rights action purporting to state a cause of action under 42 U.S.C. Sec. 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. Sec. 636(b)(1)(B). For the reasons stated herein, it is recommended that the Complaint be dismissed upon filing as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 14
 Prior to authorizing further proceedings when a complaint is filed in forma pauperis, the Court must first determine if the complaint is frivolous, improper or obviously without merit. Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.1981), cert. denied, 450 U.S. 985 (1981). The test for determining if an action is frivolous is whether the Plaintiff can make a rational argument on the facts or law in support of the claim asserted. Id. The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir.1991), citing Neitzke v. Williams, 490 U.S. 319, 327 (1989). Specifically, there must be a "plausible factual allegation" for the complaint to be considered non-frivolous. Id. See also, Reed v. Dunham, 893 F.2d 285, 286 (10th Cir.1990) (unfocused and conclusory allegations subject to 28 U.S.C. Sec. 1915 dismissal). Examples of claims based on "inarguable legal theories" include those in which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist. Hall, supra. Dismissal of a complaint under Sec. 1915(d) is discretionary. Denton v. Hernandez, --- U.S. ----, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).
 
 
 15
 Plaintiff's allegations in this case are set forth in a "form" Complaint which is identical to that utilized by several other state prisoners filing Sec. 1983 actions in this Court. The Complaint is accompanied by a "form" brief which is also identical to that filed by other prisoners. In support of his Sec. 1983 action, Plaintiff contends that the Oklahoma Prison Overcrowding Emergency Powers Act (the "Act"), Okla.Stat. tit. 57, Secs. 570 et. seq. is unconstitutional in its application because it violates the equal protection clause of the Constitution. Plaintiff alleges that his right to equal protection is violated because he is being denied emergency time credits authorized by the Act while similarly situated prisoners are receiving such credits. He also argues that his Eighth Amendment right to be free from cruel and unusual punishment is being violated because he must remain in an overcrowded prison. These claims are frivolous because Plaintiff cannot support them with rational arguments on the facts or the law.
 
 
 16
 The Act is clearly intended to provide the executive branch with an administrative option to reduce overcrowding in the Oklahoma prison system. It provides that the Department of Corrections shall request the Governor to declare a state of emergency in state prisons whenever the population of the prison system exceeds 95% of the capacity for 30 consecutive days. The Act further sets out that a prison overcrowding state of emergency shall be in effect unless the Governor finds otherwise within 15 days of the request. On the emergency date, the Director of the Oklahoma Department of Corrections grants 60 days of emergency time credit to any person confined in the prison system who is: (1) classified as medium security or any lower security level; (2) incarcerated for a nonviolent offense; and (3) not incarcerated for a second or subsequent offense under the provisions of Okla.Stat. tit. 21, Secs. 51 and 52, which provide for enhanced punishment for repeat offenders.
 
 
 17
 Plaintiff's claim that his equal protection rights are being violated because he is being denied emergency time credits while other similarly situated inmates are receiving them is without merit. Plaintiff does not contend that he qualified for and was denied credits. Rather, he complains that his constitutional rights are violated because he did not satisfy the statutory criteria for emergency time credits. Because he contends that he is being denied the emergency time credits, he presumably fails to meet one of the three statutory criteria. However, because of the generic nature of the form complaint and brief, he has not alleged sufficient facts to enable the Court to ascertain the reason for his ineligibility. In any event, he cannot maintain a claim under the equal protection clause. The equal protection clause does not guarantee that state laws have an identical effect on all citizens. Such laws may have a differing impact on various groups without violating the constitutional guarantee of equal protection:
 
 
 18
 Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.
 
 
 19
 McGowan v. Maryland, 366 U.S. 420, 425 (1961).
 
 
 20
 The traditional standard of review is whether the challenged law has a rational relationship to a legitimate state purpose. San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1973). That standard applies unless the plaintiff is a member of a "suspect" class or the right asserted is a fundamental right mandating review under a heightened level of scrutiny. Plaintiff does not satisfy either category. Convicted felons are not a constitutionally recognized suspect class. Baer v. City of Wauwatosa, 716 F.2d 1117, 1125-26 (7th Cir.1983). Entitlement to emergency time credits is not a fundamental right. Therefore, the Act is not violative of equal protection guarantees if it satisfies the rational relationship test.
 
 
 21
 The Act is an effort to alleviate prison overcrowding, and it seeks to accomplish that goal by authorizing additional time credits against the sentence to be served for those inmates who satisfy the statutory criteria. Those criteria exclude inmates who are classified above the medium security level, those who are incarcerated for violent offenses, and those who are incarcerated for a second or subsequent offense under the provisions of Okla.Stat. tit. 21, Secs. 51 and 52. In excluding certain inmates from receiving emergency time credits which would result in early release, the Oklahoma legislature could rationally determine that inmates classified as above medium security level, violent offenders or repeat offenders should remain incarcerated because they present a greater threat to society than inmates who qualify for the allowable emergency time credits. The undersigned finds that the Act rationally furthers that purpose. Therefore, as a matter of law, the Act does not violate the equal protection clause. See Goodwin v. State of Oklahoma, No. 89-468-C, Order Adopting Report and Recommendation (N.D.Okla. Nov. 17, 1991) (reaching same result as above). As the Plaintiff is clearly not similarly situated to the inmates who are receiving emergency time credits under the Act, it is impossible, as a matter of law, for him to state a valid claim for denial of equal protection.
 
 
 22
 Neither can Plaintiff state an Eighth Amendment claim on these facts. To sustain a claim under the Eighth Amendment based on prison conditions, including overcrowding, Plaintiff must show a deliberate indifference to his safety. Wilson v. Seiter, 501 U.S. ----, 111 S.Ct. 2321, 2326-27, 115 L.Ed.2d 271 (1991); See also Berry v. City of Muskogee, Okla., 900 F.2d 1489, 1498 (10th Cir.1990). Plaintiff's only argument in support of this claim is that a failure to release him subjects him to overcrowded prison conditions. As a matter of law, that contention does not support a finding of deliberate indifference to his safety.
 
 
 23
 To sustain an Eighth Amendment violation based on deliberate indifference, Plaintiff must allege and prove that the conditions evidence a wanton disregard for the safety of prisoners. Wilson, 111 S.Ct. at 2326-27; Estelle v. Gamble, 429 U.S. 97, 102 (1976). Prison conditions "must not involve the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Neither can they be disproportionate to the severity of the crime warranting imprisonment. Id. The Eighth Amendment proscribes punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society" or those which "involve the unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 102-03 (citation omitted). Conditions resulting in the "unquestioned and serious deprivation of basic human needs" constitute cruel and unusual punishment. Rhodes, 452 U.S. at 347. In contrast:
 
 
 24
 [C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.
 
 
 25
 Id. Under these clear legal precedents, there are no factual allegations of deliberate conduct on the part of the Defendants in this case that could be regarded as cruel and unusual punishment.
 
 
 26
 The Department of Corrections and the Oklahoma legislature have recognized that prisons are overcrowded, as evidenced by the passage of the Act which is designed to reduce overcrowding. Defendants' compliance with the Act alleviates the overcrowding about which Plaintiff complains and cannot be construed as evidence of deliberate indifference toward prisoners' safety and needs.
 
 RECOMMENDATION
 
 27
 Based upon the foregoing, it is the recommendation of the undersigned Magistrate Judge that the Complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff is advised of his right to object to this Report and Recommendation by the 20th day of December, 1993, in accordance with 28 U.S.C. Sec. 636 and Local Court Rule 39. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir.1991).
 
 
 28
 The Clerk of this Court is directed to mail an informational copy of the above Report and Recommendation to the Attorney General of the State of Oklahoma.
 
 
 29
 ENTERED this 30th day of November, 1993.
 
 ORDER
 
 30
 LEE R. WEST, Chief Judge.
 
 
 31
 On October 22, 1993, Plaintiff, Don Johnson, filed a complaint pursuant to 42 U.S.C. Sec. 1983 and a brief in support thereof. In accordance with 28 U.S.C. Sec. 636(b)(1)(B), this Court referred the matter to United States Magistrate Judge Bana Blasdel for the purpose of submitting proposed Findings and Recommendations. On November 30, 1993, Magistrate Judge Blasdel issued a Report and Recommendation, wherein she recommended that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In the Report and Recommendation, Magistrate Judge Blasdel advised Plaintiff of his right to object to the Report and Recommendation by December 20, 1993. Plaintiff filed an "Objection to Magistrate Recommendation (sic) and Supplemental to Traverse to Defendant's Motion to Dismiss Declatory (sic) Rights Under 28 Sec. 2201 Required" on December 13, 1993.[1]
 
 
 32
 In his complaint, Plaintiff alleges that the Oklahoma Prison Overcrowding Emergency Powers Act (the "Act"), Okla.Stat. tit. 57, Sec. 570 et seq., is unconstitutional in its application because it violates his equal protection rights.[2] Plaintiff specifically claims that he is being denied emergency time credits authorized by the Act while prisoners housed in like circumstances are receiving such credits. In addition, Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment is being violated because he must remain in an overcrowded prison without the benefit of the Act. Plaintiff seeks declaratory and injunctive relief.
 
 
 33
 Magistrate Judge Blasdel, in her Report and Recommendation, concludes that Plaintiff's complaint is frivolous and should be dismissed on the ground that the Act does not violate the equal protection clause because it is rationally related to a legitimate state purpose. Magistrate Judge Blasdel concludes that the Oklahoma legislature could rationally determine that inmates such as Plaintiff who are classified as above medium security level and are violent or repeat offenders should remain incarcerated because they present a greater threat to society than inmates who qualify for the allowable emergency time credits. In addition, Magistrate Judge Blasdel concludes that the Act does not violate Plaintiff's equal protection rights because Plaintiff whose status is either violent or repeat offender is not similarly situated to the inmates who are receiving emergency time credits under the Act.
 
 
 34
 In her Report and Recommendation, Magistrate Judge Blasdel additionally concludes that Plaintiff cannot, as a matter of law, state an Eighth Amendment claim on the facts alleged. Citing to Estelle v. Gamble, 429 U.S. 97, 102-03 (1976), Magistrate Judge Blasdel states that the Eighth Amendment proscribes punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society" or those which "involve the unnecessary and wanton infliction of pain." Magistrate Judge Blasdel concludes that there are no factual allegations on the part of Defendants that could be regarded as cruel and unusual punishment. Magistrate Judge Blasdel states that the Department of Corrections and the Oklahoma legislature have recognized that the prisons are overcrowded and have passed the Act in question to alleviate such overcrowding. According to Magistrate Judge Blasdel, Defendants' compliance with the Act cannot be construed as evidence of deliberate indifference toward prisoners' safety and needs.
 
 
 35
 Plaintiff, in his objection, reiterates his allegations that the application of the Act violates his equal protection rights and that the overcrowded prison conditions violate his Eighth Amendment right to be free from cruel and unusual punishment.
 
 
 36
 The Court has conducted a de novo review of the matter pursuant to 28 U.S.C. Sec. 636(b). Having done so, the Court agrees with the recommendation of Magistrate Judge Blasdel. The Court concludes that Plaintiff's complaint should be dismissed as frivolous under 28 U.S.C. Sec. 1915(d). The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of the claims asserted. Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981). In this case, the Court concludes that Plaintiff cannot make a rational argument on the facts or law in support of his equal protection claim or Eighth Amendment claim. The Court therefore ADOPTS Magistrate Judge Blasdel's Report and Recommendation in its entirety.
 
 
 37
 Accordingly, the Court hereby DISMISSES Plaintiff Don Johnson's complaint pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 38
 ENTERED this 17th day of December, 1993.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The Court notes that Defendants have not filed a motion to dismiss in this case. Nor have they plead or otherwise answered Plaintiff's complaint. As the complaint was filed in forma pauperis, Magistrate Judge Blasdel initially reviewed the complaint to determine if it was frivolous, improper or obviously without merit. Based upon that review, Magistrate Judge Blasdel recommends dismissal. The Court will thus treat Plaintiff's pleading only as an objection to the Report and Recommendation
 
 
 [2]
 The Act provides that whenever the Oklahoma prison population exceeds 95% of the capacity for 30 consecutive days, a state of emergency is declared and the Department of Corrections Director grants 60 days of emergency time credits to any prisoner who is classified as medium security or any lower security level; who is incarcerated for a nonviolent offense; and who is not incarcerated for a second or subsequent offense under Sections 51 and 52 of Title 21 of the Oklahoma Statutes. Okla.Stat. tit. 57, Secs. 572-73