30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond KINDHART, Plaintiff-Appellant,
v.
Larry FIELDS and Attorney General of the State of OKLAHOMA,
Defendant-Appellees.
 No. 94-6005.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 Appellant challenges an order from the United States District Court for the Western District of Oklahoma denying an evidentiary hearing and dismissing his 42 U.S.C.1983 complaint as frivolous under 28 U.S.C.1915(d). While we hold pro se litigants to a less stringent standard than licensed attorneys in construing a complaint, we review the discretionary dismissal of a complaint under 1915(d) for an abuse of discretion. Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.).
 Appellant, who is currently incarcerated, claims that his equal protection rights are being violated by the application of the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. tit. 57, 573, which excludes certain categories of inmates from receiving emergency time credits. Apparently, he has not met certain eligibility requirements set out in the Act based on security level, type of offense, and number of offenses committed and claims that this scheme is unconstitutional. Appellant is not a member of a suspect class, and "good time" is not a fundamental right; thus, the criteria established by the Act must be rationally related to a legitimate state interest. See San Antonio Indep. School District v. Rodriguez, 411 U.S. 1, 17. Here, the state's interest is that of alleviating prison overcrowding while lessening the threat to society that violent offenders will be released before their actual sentence is served. See Rhodes v. Chapman, 452 U.S. 337, 352 ("courts cannot assume that state legislatures and prison officials are insensitive to the requirements of the Constitution or to the perplexing sociological problems of how best to achieve the goals of the penal function in the criminal justice system").
 
 
 1
 Appellant does not give any factual support to his claim that he is being discriminated against. Appellant has asked for an evidentiary hearing, claiming he has witnesses and documents, but he does not reveal what, specifically, he will be able to prove or what the facts are that demonstrate how the Act is being applied in a discriminatory manner.
 
 
 2
 Additionally, Appellant argues that because he is not entitled to emergency time credits, he is being subjected to prison overcrowding which is cruel and unusual punishment in violation of the Eighth Amendment. Appellant must allege facts that indicate that he "is incarcerated under conditions posing a substantial risk of serious harm" and that a prison official acted with deliberate indifference to his health and safety. Farmer v. Brennan, 62 U.S.L.W. 4446, 4448; --- U.S. ----, ----. This standard requires a "consciousness of risk" by the official which is not present here. Id. at 4450; --- U.S. at ----. Appellant has failed to allege facts that support these requirements.
 
 
 3
 The court did not err in finding that Appellant made no rational argument under the facts or the law that his equal protection or Eighth Amendment rights are being violated; therefore, his claim is dismissed as frivolous. See Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.).
 
 
 4
 Finally, Appellant attempts to seek an appeal out of time based on issues from his trial. We deny this request, as it is improperly before us. If, as Appellant states, he has a pending federal petition for a writ of habeas corpus, he must explore these issues through that avenue. The only claims properly before us now are the ones arising from his 1983 complaint.
 
 
 5
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470