59 F.3d 172
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Conchita WASHINGTON, Plaintiff-Appellant,
v.
Janet RENO, et al., Defendants-Appellees.
 No. 95-5062.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and DUGGAN, District Juudge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment dismissing her civil rights action filed under 28 U.S.C. Sec. 1331 pursuant to the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary damages and injunctive relief, Conchita Washington sued the United States Attorney General (Janet Reno), the Director of the Bureau of Prisons (Kathleen Hawk), and a host of Bureau of Prisons (BOP) employees. Washington complained that the defendants were deliberately indifferent to her serious medical needs in violation of her Eighth Amendment rights. The case was submitted to a magistrate judge who recommended that Washington's application to proceed in forma pauperis be denied and her complaint be dismissed pursuant to 28 U.S.C. Sec. 1915(d) as having been brought in an absence of good faith. The district court agreed, inferred malice, and dismissed the complaint with prejudice pursuant to Sec. 1915(d).
 
 
 4
 In her timely appeal, Washington contends that she filed her complaint in good faith, that she made an honest error, and that she did not intend to mislead the court.
 
 
 5
 Sua sponte dismissals of civil rights complaints are proper if the complaint is frivolous or malicious. 28 U.S.C. Sec. 1915(d). Because the maliciousness determination is a discretionary one, this court reviews the district court's judgment for an abuse of discretion. See generally Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992) (frivolousness determination is a discretionary one, thus a Sec. 1915(d) dismissal is properly reviewed for an abuse of that discretion). The word "malicious" is not defined in the statute. Generally, however, a complaint is malicious under Sec. 1915(d) if it is repetitive or evidences an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. Under Sec. 1915(d), a complaint that merely repeats previously litigated claims may be considered abusive. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir.), cert. denied, 450 U.S. 985 (1981).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion. In her complaint, Washington answered "no" to the question "Have you begun other lawsuits in State or Federal Court dealing with the same facts involved in this action or otherwise relating to your imprisonment?". The district court, however, took judicial notice of four other lawsuits filed in federal court which dealt with facts relating to Washington's confinement. More specifically, prior to the immediate suit, Washington had brought claims involving her medications, meals, shoes, circulation problems, a request to see a podiatrist, arthritis, asthma, allergies, dermatitis, visual impairment, diabetes, psychological problems and sleep disorders. In one of her prior cases, Washington complained that she was not being afforded the same prescriptions which she was accustomed to receiving prior to her confinement. The district court held that Washington's claims did not rise to the level of an Eighth Amendment violation and dismissed all of Washington's claims. Thus, the district court did not abuse its discretion by concluding that Washington was attempting to relitigate claims decided in prior cases. Washington's conduct evidenced an intent to abuse the judicial process.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for Eastern District of Michigan, sitting by designation