**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MEGAN KYTE,

    Plaintiff - Appellant,

v.

STATE OF COLORADO; STATE OF
OREGON; DENVER HEALTH,

    Defendants - Appellees.

No. 24-1319
(D.C. No. 1:24-CV-01944-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

Megan Kyte, proceeding pro se, appeals the district court's dismissal without prejudice of her civil complaint for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). Kyte also requests leave to proceed in forma pauperis (IFP).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291, we deny Kyte's request to proceed IFP, affirm the district court's dismissal, and restrict Kyte from proceeding IFP in future appeals of Rule 41(b) dismissals.

## BACKGROUND

In October 2022, the United States District Court for the District of Colorado enjoined Kyte from filing civil actions in that court without (1) representation of an attorney licensed to practice in the District of Colorado or (2) leave of the court to proceed pro se. *Kyte v. Mayes*, No. 1:22-cv-02392-LTB, slip op. at 5–9 (D. Colo. Oct. 31, 2022), ECF No. 6.[1] The court explained that Kyte had initiated thirteen actions in the district court. *Id.* at 5–6. Nine of the actions were "dismissed for either improper venue, failure to cure or pay the filing fee, failure to comply with Rule 8, or lack of subject matter jurisdiction." *Id.* at 6. The court repeatedly advised Kyte of the governing legal standards and warned her that it would impose sanctions, as it was empowered to do under *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981), if she continued to "abusively fil[e] new non-meritorious actions." *Mayes*, No. 1:22-cv-02392-LTB, ECF No. 6 at *6–7 (citing *Kyte v. I.R.S.*, No. 1:22-cv-01715-LTB-GPG, slip op. at 1 (D. Colo. Sept. 15, 2022), ECF No. 10).

In January 2024, we also warned Kyte. *Kyte v. Colorado*, Nos. 23-1369, 23-1371, 2024 WL 159929, at *1 (10th Cir. Jan. 16, 2024). We cautioned Kyte

---

[1] We may take judicial notice of publicly filed court records. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

that we may restrict her from proceeding IFP in appeals from Rule 41(b) dismissals if she continued to violate the district court's restrictions. *Id.* At that time, Kyte had filed ten pro se appeals. In seven of the appeals, we either affirmed the district court's dismissal or entered dismissal orders without reaching the merits of her appeal.[2] Three of the appeals challenged the district court's dismissals for failure to comply with its filing restrictions.[3] And we dismissed the fourth appeal of that nature in our January 2024 order and judgment. *Colorado*, 2024 WL 159929, at *2.

Despite these warnings and restrictions, Kyte again filed a civil complaint in the district court without first obtaining counsel or seeking leave of the district court to proceed pro se. The district court dismissed the complaint for violating the filing restrictions, and Kyte appealed.

## STANDARD OF REVIEW

We review a district court's dismissal for failure to comply with a court order for abuse of discretion. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). A district court abuses its discretion when it "makes a clear error of

---

[2] *In re: Megan Kyte*, No. 22-1121 (10th Cir. May 18, 2022), ECF No. 16; *Kyte v. Kyte*, No. 22-1213, 2022 WL 3910507 (10th Cir. Aug. 31, 2022); *Kyte v. IRS*, No. 22-1318 (10th Cir. Dec. 7, 2022), ECF No. 5; *Kyte v. King*, No. 22-1317 (10th Cir. Dec. 20, 2022), ECF No. 8; *Kyte v. Denver Health*, No. 23-1199, 2023 WL 4742407 (10th Cir. July 25, 2023); *Kyte v. Oregon*, No. 23-1221, 2023 WL 5606234 (10th Cir. Aug. 30, 2023); *Kyte v. Colorado DMV*, No. 23-1045, 2023 WL 5995491 (10th Cir. Sept. 15, 2023).

[3] *Denver Health*, 2023 WL 4742407; *Oregon*, 2023 WL 5606234; *Colorado DMV*, 2023 WL 5995491.

3

judgment or exceeds the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (cleaned up).

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss an action for a plaintiff's failure to comply with court orders. Fed. R. Civ. P. 41(b). This "has long been interpreted to permit courts to dismiss [such] actions sua sponte[.]" *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010).

## DISCUSSION

### I.    The Dismissal

On appeal, Kyte asserts that she was never given the reason for being sanctioned and argues that she complied with the district court's sanctions because she sought counsel fourteen days after filing her complaint.

First, we refer Kyte back to the district court's order from October 2022, which included an explanation for the sanctions. *Mayes*, No. 1:22-cv-02392-LTB, ECF No. 6 at 5–8. The district court cited that order in the order of dismissal challenged here. *Kyte v. Colorado*, No. 1:24-cv-01944-LTB, at 1 (D. Colo. July 16, 2024), ECF No. 3. There is no question that Kyte was provided the reason for the sanctions.

4

Second, Kyte did not comply with the filing restrictions by seeking counsel fourteen days after filing her pro se civil complaint. The district court was clear—"[t]he Court will prohibit Plaintiff from *filing new actions* . . . without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado unless she obtains permission to proceed *pro se*." *Mayes*, No. 1:22-cv-02392-LTB, ECF No. 6 at 8 (emphasis added). If Kyte wishes to file a complaint in the District of Colorado, even if just to challenge the district court's sanctions, she must be represented by counsel or seek leave of the court to proceed pro se *before* filing a complaint.[4] She failed to do so in this case. The district court did not abuse its discretion by dismissing her complaint for failure to comply with the filing restrictions.

## II.    Appeal Restrictions

As we explained in January, "[a]lthough 'litigiousness alone is not a sufficient reason to restrict access to the court,' Ms. Kyte's 'abusive and repetitive filings have strained the resources of this court.'" *Colorado*, 2024 WL 159929, at *2 (quoting *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994)).

---

[4] The district court provided Kyte with the necessary steps to obtain permission to proceed pro se: File a motion requesting leave to file a pro se action with the clerk of court that includes (1) a list of all lawsuits currently pending or previously filed in the District of Colorado and (2) a statement of the legal issues to be raised in the proposed new pleading and whether she has raised the same issues in other proceedings in the District of Colorado. *Mayes*, No. 1:22-cv-02392-LTB, ECF No. 6 at 8–9.

This is Kyte's fifth appeal from a dismissal for failure to comply with the district court's filing restrictions.[5] The filing restrictions were laid out in the district court's October 2022 order and the restrictions have not changed. Because Kyte "continues to disregard the filing restrictions the district court has placed upon her," *Colorado*, 2024 WL 159929, at *2, we are restricting Kyte from appealing IFP the dismissal of cases under Rule 41(b). *Ysais*, 603 F.3d at 1180.

## CONCLUSION

Because Kyte has not presented any "reasoned, nonfrivolous argument" in support of her appeal, we **DENY** her request to proceed IFP. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). We also **AFFIRM** the district court's dismissal and restrict Kyte from proceeding IFP in future appeals of Rule 41(b) dismissals.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[5] *Denver Health*, 2023 WL 4742407; *Oregon*, 2023 WL 5606234; *Colorado DMV*, 2023 WL 5995491; *Colorado*, 2024 WL 159929.